## LIBEL TO THE TRADE OF A BUSINESS HOUSE.

Common Pleas Court of Licking County.

GEORGE J. HAGMEIER v. WILLIAM HULSHIZER AND EDWARD HULSHIZER.

Decided, 1910.

*Libel—Damages Sought Because of the Printing and Distribution of Circulars Injurious to the Trade of a Business House.*

A sufficient basis is afforded for an action for damages for libel, where the colloquium sets forth that the flour sold at the store of the plaintiff was purchased at certain mills which are named and that it is a first class or best grade of flour, followed by the allegation that the defendants have published of and concerning this flour that it is not as represented but is of second quality or second grade.

*S. L. James,* for plaintiff.
*Fulton & Fulton,* contra.

WICKHAM, J. (orally).

This is an action for damages for libel, and is submitted to the court upon a general demurrer to the petition.

The plaintiff says that, prior to the bringing of his action, to-wit, about two years ago, he was and is now a resident of Newark; that all that time he was engaged in the grocery business in Newark; that he had two groceries in different parts of the city, each known as the "Pittsburgh Cash Store"; that he sustained a good name and reputation for honesty, fair-dealing, etc., and that he sold, among other things, flour; that the defendants willfully, maliciously and knowingly, with intent to injure the plaintiff in his business, and to destroy his trade with the persons who were in the habit of dealing with him, and any trade he might have in the city, and with intent to deprive him of the sale of a certain grade and quality of merchandise, flour and other articles, on or about the 19th day of April, 1898, caused and procured certain printed circulars to be distributed throughout the city of Newark, in the words and figures following. (There is then set out a copy of the alleged libelous article, headed):

"SPECIAL NOTICE—George Hagmeier, of the Pittsburgh Grocery, does not sell Granville Mills 'Best' Flour at $1.20 per sack, as is advertised. The 'Sunshine' flour that he bought of the Granville Mills is second grade. You can buy the same flour of any grocer in Newark at the same price. Our 'Best' flour is put in our own sacks *only*, with our brand 'Best' and our name on each sack.

"HULSHIZER BROS.

"*Props. Granville Mills.*"

The word "Best" as it appears in this article is quoted; it is, grammatically, a substantive proper. Meaning that it is the name of a XXX particular brand of flour, and not used in its adjective sense—best flour; it is used as a substantive purely.

Then follows the innuendo:

"'Meaning the plaintiff, as the proprietor of the Pittsburgh Cash Stores, had not been, and is not now, selling Granville Mills 'Best' flour at $1.20 per sack, as he, plaintiff, had advertised, and was thereby deceiving his customers. Meaning also that the 'Sunshine' flour that he, plaintiff, bought from the Granville Mills, and which he had been selling to his customers as the 'Best' flour (and 'Best' is here used as a substantive—a name or brand of flour) at $1.20 per sack, was, in fact, a second grade flour; and meaning also that the same grade of flour that plaintiff was then selling to his customers under the name of 'Sunshine' flour as the 'Best' could be purchased from any grocer in Newark, and that said 'Sunshine' flour is a second grade, instead of best or first grade (and there the word *best* is used as an adjective), and meaning thereby to lead the public to believe that the statements made by plaintiff and the clerks in said grocery store, operated by him as aforesaid, in respect to the quality of the 'Sunshine' flour being the 'Best' was a false statement. It seems that the pleader has used the term 'best' here in its adjective sense, intending to so use it; because he alleges that the 'Sunshine' flour was not the best flour, while it would not be unless they had two names."

Now, he proceeds to allege "that the 'Sunshine' flour he had been selling to his customers at the time the circulars above referred to were distributed by defendants, was not a second grade flour, which the defendants well knew; neither could the same grade of flour be bought at any grocery in Newark, which the defendants well knew; nor could it be bought in any place in

Newark other than the two grocery stores operated by plaintiff, and known as the 'Pittsburgh Cash Store'; that the flour sold by plaintiff in sacks marked 'Sunshine' flour was bought by plaintiff from defendants' mills, or the Granville mills operated by defendants, and is the best (adjective) grade of flour made by said Granville Mills is put exclusively in their own sacks *only,* as stated by defendants in said circular; which statements so made by defendants were false, and so made knowingly for the purpose of injuring plaintiff in his said trade and business; and meaning further that plaintiff was falsely representing to his customers and persons who were dealing at his said 'Pittsburgh Cash Stores' that the 'Sunshine' flour sold by plaintiff was first grade flour, when, in fact, it was a second grade flour, meaning thereby that plaintiff was deceiving his customers in the sale of said flour.

"That by means of the false and malicious statement, contained in the circulars printed and distributed by defendants, as aforesaid, as evidenced by said circulars over their name of 'Hulshizer Brothers,' this plaintiff has been injured in his reputation and business as the owner and proprietor of the said 'Pittsburgh Cash Store' by the publication and distribution of the said printed circulars; that he has been prevented from selling flour known as the 'Sunshine,' and his customers who had previously bought the same have, since said circulars were distributed, refused to rely upon the statements of plaintiff and purchase the same, and plaintiff has been prevented from disposing of a large amount of said flour purchased from said Granville Mills operated by defendants, and which was of the best grade, by reason of said false and malicious statements; and that a large amount of said flour remains on his hands unsold, and which he is now unable to sell or dispose of. Plaintiff has also lost the profit which he would have derived from the sale of said flour, as well as a large part of his customers and their trade for general merchandise, which has been affected by reason of said false and malicious statements so made by defendants as aforesaid. That his trade in general merchandise has been diminished by reason of said statements, and he has lost the profits thereof, which he would have received had not the false representations contained in the said circulars been made by the defendants.

"That by reason of such false, malicious and defamatory statements made by defendants as aforesaid, plaintiff has been damaged in the sum of ten thousand dollars."

Much that is pleaded in this petition I think falls short of being libelous. For instance, that which has reference to the *best* flour not being the *Sunshine* flour. And, for instance: "Our 'Best' flour is put up in our own sacks *only,* with our brand *'Best'* (substantive) and our name on each sack." It is difficult to see how that would prejudice the plaintiff. He does not claim that he was selling "Best" flour (substantive "Best"). He was selling "Sunshine" flour. But, I refer to that part of the alleged libelous article, that "The 'Sunshine' flour that he bought of the Granville Mills is second grade." Now, in the colloquium it is set out that this particular brand of "Sunshine" flour was sold at his store, and was purchased from the Granville Mills, and that it was a first-class or best grade of flour, and that these defendants published of the plaintiff's brand of flour—the "Sunshine" flour—that is was of second quality or second grade; so that, taking the whole petition together—as is said in some books, taking it by the four corners—we have this state of facts: The plaintiff is a merchant dealing in general merchandise in the city of Newark; he deals in flour; he had for sale a certain brand of flour called "Sunshine" flour; it was of the best quality or grade of flour; defendants knew that; and, for the purpose of injuring him in his trade in that brand of flour, and other articles, maliciously, willfully and falsely circulated this printed circular that it was of second quality; and, by reason of the publication his customers refused to buy that flour to his damage.

Now, why doesn't that state a cause of action? I think it does. But, I think there is much of the petition that is not libelous in its character, but that part of it I think is libelous.

I think the plaintiff should be entitled to recover his damages if these facts are true, and they are presumed to be true for the purposes of the demurrer; and the demurrer should be overruled for that reason.